Randall L. Leshin, CSB 138725
Richard G Elie, CSB 195081
Law Offices of Randall L. Leshin
712 E. McNab Rd.
Pompano Beach, FL 33060
(954) 941-9711
(954) 941-9750 – FAX
rleshin@leshinlawfirm.com
richardgelie@yahoo.com
Attorney for Defendants

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

HCT PACKAGING INC., a New Jersey corporation,

     Plaintiff,

v.

TM INTERNATIONAL TRADING LIMITED, a company organized in Hong Kong; SCENE MEDIA LIMITED, a company organized in Hong Kong; LUCINDA JANE MCEVOY, an individual; NORBERT MIBRAN TOPOUZOGLOU, an individual, and DOES 1 through 10, inclusive.

     Defendants.

CASE NO. CV13-8443-RGK (SHx)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS:**

1. **FOR FAILURE TO COMPLY WITH ART. 5 OF THE HAGUE CONVENTION (20 U.S.T. 361 (1965,1969))**

**2. FOR LACK OF PERSONAL JURISDICTION**

**3. FOR IMPROPER FORUM SELECTION/FORUM NON CONVENIENS**

**4. Fed.R.Civ.P. 12(b)(6) FAILURE TO STATE A CAUSE OF ACTION**

**DATE: March 3, 2014**
**TIME: 9:00 a.m.**
**DEPT: Hon. R. Gary Klausner**

1
2
3

## **Table of Contents**

TABLE OF AUTHORITIES ...........................................................................................ii

I. INTRODUCTION ....................................................................................................1

A. PRELIMINARY STATEMENT: ........................................................................1

1. HAGUE CONVENTION ......................................................................................1

2. PERSONAL JURISDICTION..............................................................................2

3. IMPROPER FORUM SELECTION/FORUM NON CONVENIENS ...................3

B. BACKGROUND................................................................................................4

II. FACTS ...................................................................................................................5

III. ARGUMENT........................................................................................................6

1. HAGUE CONVENTION ......................................................................................6

2. LACK OF PERSONAL JURISDICTION ...........................................................10

THE INDIVIDUAL DEFENDANTS......................................................................11

(1) Long Arm Jurisdiction – General Jurisdiction..............................................11

(2) Specific Jurisdiction .....................................................................................12

(3). California Law Disfavors Jurisdiction over the Individual Defendants ................13

SCENE MEDIA LIMITED.....................................................................................14

3. IMPROPER FORUM SELECTION/FORUM NON CONVENIENS ...................14

(a). Scene Media and Individual Defendants.......................................................14

(b). TM International Limited.............................................................................17

(c) All of the Defendants ....................................................................................18

CONCLUSION.......................................................................................................20

## **TABLE OF AUTHORITIES**

**Cases**

Advanced Aerofoil Techs., AG v. Todaro,
  No. 11 Civ. 9505 (ALC) (DCF), 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) ..7

Asahi Metal Indus. v. Superior Court,
  480 U.S. 102 (1987)...............................................................................passim

Ashcroft v. Iqbal,
  556 U.S. 662  (2009) ..................................................................................5, 18
Barclays Bank plc v. Petromiralles 3,
  SL [2008] EWHC 2512 (Comm) ..............................................................10, 17
Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007) ...................................................................................5, 18
Brockmeyer v May,
  383 F.3d 798 (9th Cir. 2003) ............................................................................9
Burda Media, Inc.v. Viertel,
  417 F.3d 292 ....................................................................................................9
Burger King v. Rudzewics,
  471 U.S. 462 (1985) .......................................................................................12
Calder v Jones,
  465 U.S. 783 (1984) .......................................................................................11
Credit Lyonnais Bank Nederland v Manatt, Phelps
  (1988) 202 Cal.App.3d 1424, 249 Cal. Rptr. 559 ...........................................19
Ehrenfeld v. Salim a bin Mahfouz,
  No. 04 Civ. 9641 (RCC), 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005) ............7
Helicopteros Nacionales de Colombia, S.A. v. Hall,
  466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984)..............................12
In re Century Aluminum Co. Securities Litigation,
  704 F.3d 1119 (9th Cir. 2013) ..........................................................................5
International Shoe v Washington,
  326 US 310, 316 (1945); Schaeffer v Heitner,  433 U.S. 186 (1977) .................11, 14
Keeton v. Hustler Magazine, Inc.,
  465 U.S. 770, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984)....................................12
Milliken v. Meyer,
  311 U.S. 457, 463 (1940)................................................................................14
Pac. Worldwide, Inc. v. Ample Bright Dev., Ltd.,
  No. 11 Civ. 107 (LTS) (HBP), 2011 WL 6224599, at *2 (S.D.N.Y. Dec. 14, 2011) ..8
Smith, Valentino & Smith v. Superior Court
  (1976) 17 Cal. 3d 491 ...................................................................................17
Stangvik v. Shiley,
  (1991) 54 Cal.3d 744 ...............................................................................17, 18
Tandy Computer Leasing v. Terina's Pizza,
  784 P.2d 7 (Nev. 1989)............................................................................10, 17
U.S. ex rel. Thomas v. Siemens,
  AG, 708 F. Supp. 2d 505, 517-19 (E.D. Pa. 2010)...................................................1, 7

- iii –

*Volkswagenwerk Aktiengesellschaft v. Schlunk,*
  486 US 694 (1988)........................................................................8
*Vons Companies, Inc. v Seabest Foods, Inc.*
  (1996) 14 Cal.4th 434 ...............................................................13

**Federal Rules of Civil Procedure**
FRCP 12(b)(6) ..............................................................................5
FRCP 4(f)........................................................................................2
FRCP 4(f)(1) ..................................................................................6
FRCP 4(h) .......................................................................................1
Rule 4(f) ..............................................................................1, 9, 10
Rule 4(f)(1) .....................................................................................1
Rule 4(f)(2) .....................................................................................6
Rule 4(f)(2)(C)(ii) ..........................................................................9
Rule 4(f)(3) ................................................................................7, 9

**International Law**
20 U.S.T. 361 (1969) ......................................................................1
Hague Convention, Article 1 .........................................................1
Hague Convention, Article 10 .......................................................9
Hague Convention, Article 10(a)...................................................5
Hague Convention, Article 2 .........................................................7
Hague Convention, Article 3 .........................................................7
Hague Convention, Article 4 .........................................................8
Hague Convention, Article 5 .........................................................8

**California Rules of Civil Procedure**
CCP 410.40 ......................................................................2, 5, 17, 18

**Federal Statutes**
28 USC 1391(b) ..............................................................................3

- iv –

# I. INTRODUCTION

## A. PRELIMINARY STATEMENT:

### 1. HAGUE CONVENTION

FRCP 4(h) states that foreign corporations may be served "by delivering a copy of the summons and of the complaint to an officer . . . or any other agent authorized by appointment or by law to receive service of process . . ." or in any manner prescribed by Rule 4(f). Rule 4(f)(1) states that a foreign corporation may be served "by any internationally agreed-upon means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 (1969) (hereafter "Convention"). See also *U.S. ex rel. Thomas v. Siemens AG*, 708 F. Supp. 2d 505, 517-19 (E.D. Pa. 2010).

The Convention provides for service of foreign agents and "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." See Convention, Art. 1. Both the United States and China, including Hong Kong, are signatories to the Convention, service of process must be accomplished according to the acceptable procedures set out by the Peoples' Republic of China and the governing authorities of Hong Kong.

DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

Plaintiff did not serve the defendants according to the provisions of the Convention, violating FRCP 4(f). They used their own Hong Kong attorneys to serve process. Service of process is defective.

## 2. PERSONAL JURISDICTION

The Court lacks personal jurisdiction over the defendants. The Complaint alleges all of the principal actors are, and the transactions occurred in Hong Kong; the contract was to be performed in Hong Kong with the products to be delivered in Hong Kong and exported to mainland China. The only connection that the parties have with California is that the named plaintiff claims that it is a successor in interest to one of the original contracting parties, and that the contract has a forum selection provision that selects the courts in Los Angeles, California and the laws of California as the appropriate forum and law to be applied. These provisions are buried in the "Miscellaneous" section of the contract and do not appear conspicuously anywhere else. Both the California and U.S. Supreme Courts have rejected these types of forum selection clauses in these circumstances. Furthermore, California Code of Civil Procedure (hereafter "CCP") CCP 410.40 requires that in order to apply, the aggregate sum of the transaction must be "not less than" $1,000,000.00. The complaint establishes that the total sum in dispute is less than $300,000.00.

The parties may not privately compel a Court to take jurisdiction where there is no impact felt in the forum. There is no Constitutional connection between the acts,

DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

events, contracts or transactions alleged with the State of California, other than the fact that the named plaintiff, a New Jersey corporation, maintains an office here, and that the "Miscellaneous" clause of the contract selects California as a forum. Notably, plaintiff also sues in tort. It was not the original contracting party at the time of the acts complained of. Plaintiff has no standing in tort.

No other allegations are contained in this Complaint that would confer either general or specific jurisdiction over the defendants. There simply is no personal jurisdiction over any of the defendants to invoke the jurisdiction of this Court and its resources, a jury's time and its resources in deciding a dispute occurring in a foreign land, benefiting foreign actors; where performance is due in a foreign land, and where the goods will be sold in a foreign land.

None of the defendants have any connection with the state of California. Though forum selection clauses may be utilized when there is a basis for a court to obtain in personam jurisdiction, it is improper to hear a case where personal jurisdiction cannot be had independent and aside from the contract itself. See, i.e. 28 USC 1391(b).

### 3. IMPROPER FORUM SELECTION/FORUM NON CONVENIENS

Although commercial parties are free to contract their rights, they may not bind a court to their decision to litigate in any place where the courts simply have no connection to the litigation itself.

DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

This Court is neither obligated to, nor should it accept jurisdiction over the parties or the dispute at issue because there is no connective tissue between the subject matter of the contract, its actors, the products involved, the torts alleged to have been committed, and this Court's jurisdiction. The State of California has no interest in the outcome of this matter. It will serve no public purpose.

## B. BACKGROUND

Taking the relevant jurisdictional allegations of the Complaint to be true for testing sufficiency of service and jurisdiction, the plaintiff alleges the following:

1. That it is the successor in interest to HCT Asia LTD, DE 1 at paragraph 1. HCT Asia LTD is a Hong Kong corporation. See first paragraph of contract attached as Ex. "A" to the Complaint.

2. That HCT Asia LTD entered into a written contract with TM INTERNATIONAL TRADING LIMITED, a Hong Kong corporation. The contract was to be performed in Hong Kong and the goods delivered in Hong Kong. DE 1, Ex. "A"

3. That a dispute arose between TM INTERNATIONAL TRADING LIMITED and HCT Asia LTD with respect to this written contract.

4. That other than in conclusory fashion, alleging that there are agents and alter-egos involved, all of the parties in this case are located in Hong Kong, and the performance of the contract was to take place in Hong Kong.

DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

5. The rest of the Complaint fails to allege sufficient ultimate facts which plausibly set forth a cause of action, thereby subjecting the Complaint to dismissal pursuant to FRCP 12(b)(6). See *In re Century Aluminum Co. Securities Litigation*, 704 F.3d 1119 (9th Cir. 2013)(indirect tracing methods are insufficient to meet heightened pleading requirement under 12(b)(6) heightened pleading standards). See also *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The Complaint is based on speculation and "information and belief," especially as to the non-contracting defendants (see paragraphs 4, 5 and 6 of the complaint).

The Complaint fails to set forth any plausible jurisdiction over the defendants pursuant to CCP 410.40 as it is not for "not less than" $1,000,000. Other than the plaintiff who is not an original party to the contract, every witness, transaction and event occurred in Hong Kong between persons and corporations doing business there, and performance was to be there as well.

## II. FACTS

Plaintiff filed suit on November 14, 2013. Plaintiff had its Hong Kong law firm directly serve the Summonses and copies of the Complaint on the various defendants. See DE 15, 16, 17, and 18. The defendants were not served according to the Convention nor 9th Circuit Court of Appeals precedent. The Summonses weren't served under the control of this Court pursuant to Article 10(a) of the Hague Convention.

– 5 –

DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

As the Complaint alleges, none of the defendants are residents of the United States or the State of California. They all either reside in Australia, England or China and conduct business in Hong Kong. Defendants Topouzoglou and McEvoy have not consented to personal jurisdiction over them in California. Scene Media Limited, is a corporation organized and conducting business under the laws of Hong Kong, Peoples' Republic of China. It has never consented to jurisdiction over it in California. TM International Trading Limited is a corporation organized and conducting business under the laws of Hong Kong, Peoples' Republic of China.

The contract which is alleged to have been breached designates as the place of performance of the contract Hong Kong, with products to be shipped to mainland China and other markets in Asia and Australia. Therefore no part of the performance emanates from or is due in California.

The plaintiff alleges that it is the successor in interest to HCT Asia Limited, a corporation organized and conducting business under the laws of Hong Kong, Peoples' Republic of China; its headquarters is located in the State of New Jersey, contrary to the allegations of the Complaint.

### III. ARGUMENT
### 1. HAGUE CONVENTION

FRCP 4(f)(1), permits service outside the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those

- 6 –

authorized by the Convention." Subject to enumerated restrictions, Rule 4(f)(2) permits alternative service "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice." Finally, Rule 4(f)(3) provides that service on a foreign litigant can be effected "by other means not prohibited by international agreement, as the court orders." As a general matter, "`[t]he only limitations on Rule 4(f)(3) *are that the means of service must be directed by the court and must not be prohibited by international agreemen*t.'"*Advanced Aerofoil Techs., AG v. Todaro,* No. 11 Civ. 9505 (ALC) (DCF), 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) (quoting *Ehrenfeld v. Salim a bin Mahfouz,* No. 04 Civ. 9641 (RCC), 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005)); *Siemens*, supra.

Under the Convention, plaintiff's request for service of process must be forwarded to the agency designated by the Netherlands as the Central Authority to accept such requests. Id. at Arts. 2, 3. The request must conform to the model contained in the Convention, and must include copies of the documents to be served. Id. at Art. 3. With respect to service of process on residents and citizens of Hong Kong, the Convention is clear. The party to whom the complaint must initially be delivered before it may be served is the Chief Secretary for Administration, Hong Kong Special Administrative Region Government.

DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

If the Central Authority of Hong Kong, "considers that the request does not comply with the provisions of the present Convention[,] it shall promptly inform the applicant and specify its objections to the request." Id. at Art. 4. Otherwise, the Central Authority must serve the documents or must arrange to have them served by an appropriate agency "by a method prescribed by its internal law for the service of such documents in domestic actions upon persons who are in its territory" or "by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed." Id. at Art. 5.

The Special Administration of Hong Kong, through the Peoples Republic of China, has adopted Article 5 as a means of service.

Both the United States and China are signatories to the Convention, and it governs service of process in this case. *See, e.g., Pac. Worldwide, Inc. v. Ample Bright Dev., Ltd.,* No. 11 Civ. 107 (LTS) (HBP), 2011 WL 6224599, at *2 (S.D.N.Y. Dec. 14, 2011); *see also Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 US 694, 699, 705 (1988) (dictum) ("Compliance with the Convention is mandatory in all cases to which it applies ..."); Convention Art. 1 ("The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad."); FRCP 4 advisory committee's note ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service."). The Convention requires signatory countries to

– 8 –

establish a Central Authority to receive requests for service of documents from other countries and to serve those documents. *See* Convention Arts. 2-6. In addition, Article 10 allows for service by other means, such as service "by postal channels" or through judicial officers, "[p]rovided the State of destination does not object." *Id.* Art. 10; *see Burda Media, Inc.v. Viertel,* 417 F.3d 292 at 300 (listing "several alternate methods of service" under the Convention).  However these "alternative methods" are subject to control by the Court issuing the process, not by the parties and specifically not by counsel for the plaintiff.

The Ninth Circuit Court of Appeals has held that to effect alternative service by mail, the service of process must be effected by the Clerk of the Court.  Any service by mail in this case is required to be performed in accordance with the requirements of Rule 4(f). Service by international mail is affirmatively authorized by Rule 4(f)(2)(C)(ii), ***which requires that service be sent by the clerk of the court, using a form of mail requiring a signed receipt***. Service by international mail is also affirmatively authorized by Rule 4(f)(3), which requires that the mailing procedure have been specifically directed by this Court. Service by international mail is not otherwise affirmatively authorized by Rule 4(f). Plaintiff neither followed the procedure prescribed in Rule 4(f)(2)(C)(ii) nor sought the approval of the this Court under Rule 4(f)(3). See *Brockmeyer v May*, 383 F.3d 798 (9th Cir. 2003).

– 9 –

DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

Service of process was not effected pursuant to the Central Authority in Hong Kong, nor was it properly effected by mail since it was served by a law clerk employed by a local law firm which represents the plaintiff and related corporations in Hong Kong. See returns of service. DE 15, 16, 17 and 18. The plaintiff ignored the strictures of *Brockmeyer* , supra and Rule 4(f).

## 2. LACK OF PERSONAL JURISDICTION

In all cases involving foreign defendants, the initial burden is on the plaintiff to establish personal jurisdiction over each defendant. If the plaintiff provides sufficient evidence, then the burden shifts to the defendant(s). There are two types of personal jurisdiction: (1) general jurisdiction and (2) specific jurisdiction. Plaintiff alleges specific jurisdiction in their Complaint and does not allege general jurisdiction. Even the "specific jurisdiction" argument is suspect because the choice of forum provision is buried in a clause marked "Miscellaneous." Such provisions, especially when buried inside an inapplicable clause, are ignored by courts. See *Tandy Computer Leasing v. Terina's Pizza*, 784 P.2d 7 (Nev. 1989); and under English law, *Barclays Bank plc v. Petromiralles 3, SL* [2008] EWHC 2512 (Comm)(England, Westminster High Court, Commercial Dept. -- If seeking to rely on the jurisdiction clause, ***the parties must ensure that attention is drawn to the clause and choice of jurisdiction***).

- 10 –

1
2
3

## THE INDIVIDUAL DEFENDANTS

4

There is no allegation that the individual defendants could have ever expected to

5
6

be hailed into Court in the United States. They have no contacts with the United States

7

and there has been no impact due to personal activities in the United States. None of

8

them are residents of the United States, they are all foreign nationals working in Hong

9
10

Kong. All of the activities occurred in Hong Kong and the contract required

11

performance in Hong Kong. There is no general jurisdiction over these individual

12

defendants. There is no allegation that anything these individuals did impacted the

13
14

United States or California. There are no allegations even attempting to assert

15

minimum contacts. See declarations attached to the motion to dismiss.

16

### (1) Long Arm Jurisdiction – General Jurisdiction

17
18

For this Court to assert jurisdiction the Court must determine whether it can

19
20

expose the individual defendants to the Court's coercive power. Therefore any

21

decision in this respect is subject to review for compatibility with the Amendment's

22

Due Process Clause. *International Shoe v Washington*, 326 US 310, 316 (1945);

23
24

*Schaeffer v Heitner*, 433 U.S. 186 (1977). The only way to determine this issue is to

25

examine whether or not the individual defendants had regular and continuing minimum

26

contacts within this jurisdiction. *International Shoe*, supra.

27
28

DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

There are no allegations of minimum contacts other than an allegation of "agency," which is insufficient to confer personal jurisdiction over the individual defendants. Since none of the activities complained of occurred in the United States, or California, there are no regular and systematic contacts in the United States.

The only other alternative is "impact." That is, that the individual defendants' activities somehow were "aimed at" or caused a harm or impacted California. See *Calder v Jones*, 465 U.S. 783 (1984); *Asahi Metal Indus. v. Superior Court*, 480 U.S. 102 (1987). No such allegations are present to establish either general activities inside of or having any significant impact on California or its residents, or any connection whatsoever between California and the individual defendants. This is a simple  dispute between foreign actors over a foreign-made contract to be performed in a foreign land.

### (2) Specific Jurisdiction

Plaintiff alleges that that TM International Trading Limited entered into a contract with a buried forum selection clause in its Miscellaneous provisions. There is no mention that the individual signers of the contract or the agents and employees of TM International Trading Limited ever agreed to be hailed into this Court or any court in California. No agencies were to be created under this clause.

In *Burger King v. Rudzewics*, 471 U.S. 462 (1985), the court  held that specific jurisdiction is dependent on whether the named defendant, "purposefully directed" his [/her] activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.*, 465 U.S.

770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984), and the litigation results from alleged injuries that "arise out of or relate to" those activities, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984)." There is no such allegation here.

Unlike *Burger King*, supra, the individual defendants did not reach out beyond Hong Kong to the United States. There were no regular or systematic contacts such as a continuing franchise agreement requiring performance in California. Any "impact" felt by the plaintiff as a successor in interest was indirect and minimal. But for the buried forum selection clause in the Miscellaneous provisions of the contract, plaintiff would have no basis whatsoever to bring suit in the United States much less California.

### (3). California Law Disfavors Jurisdiction over the Individual Defendants

Under California law, if the nonresident defendant does not have substantial and systematic contacts in the forum sufficient to establish general jurisdiction, he or she still may be subject to the specific jurisdiction of the forum, if the defendant has purposefully availed himself or herself of forum benefits and the "controversy is related to or 'arises out of' a defendant's contacts with the forum." *Vons Companies, Inc. v Seabest Foods, Inc.* (1996) 14 Cal.4th 434.   It is the latter form of jurisdiction plaintiff alleges against the individual defendants by asserting that because the individuals are allegedly agents of the corporate defendant, the individuals may be held to personally respond based on the forum selection clause in the contract. This is

- 13 –

insufficient in this case.   There is no specific factual allegation in the Complaint that indicates that the individual defendants committed any act, or had any contacts with California at all. In fact the allegations simply allege that the parties to the contract negotiated their contract in Hong Kong, were to perform it in Hong Kong, and were to deliver products in Hong Kong. There is no jurisdiction over the individuals. See declarations attached to the motion to dismiss.

### SCENE MEDIA LIMITED

Scene Media adopts the arguments applicable to the individual defendants, and further states that it is not a party to any agreement executed by and between anybody. It did not take part in any negotiations with the parties to the agreement in question in California. It could not breach any agreement that it is not a party to. It is a corporation existing in Hong Kong, and does not conduct business in California.

Not one argument can be advanced here, despite the assertion of alter-ego, without a single supporting factual allegations, that Scene Media committed any breach of any contract, much less committed any tortious act in California.

### 3. IMPROPER FORUM SELECTION/FORUM NON CONVENIENS

#### (a). Scene Media and Individual Defendants.

With respect to Scene Media and the Individual defendants the selection of this Court as a forum to litigate grievances was unwarranted. In *Asahi Metal Indus. v. Superior Court*, 480 U.S. 102 (1987), the Supreme Court made it clear that the mere

awareness that a product may reach a remote jurisdiction when in the stream of commerce is insufficient to satisfy the requirement for "minimum contacts" under the Due Process Clause. "Minimum Contacts" between the defendant and the forum State must be such that the exercise of jurisdiction "does not offend *traditional notions of fair play and substantial justice." International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)*, quoting Milliken v. Meyer,* 311 U.S. 457, 463 (1940). Minimum contacts have to be substantial and continuing **and** be related to the subject matter of the lawsuit. *Asahi* controls. Personal jurisdiction is lacking here.

The Supreme Court reached this conclusion after careful analysis:

(i). Asahi did not do business in California. It had no office, agents, employees, or property in California. It did not advertise or otherwise solicit business in California. This is the same as in the instant case.

(ii). There was no evidence that Asahi designed its product in anticipation of sales in California. The same is true here.

(iii). With respect to Asahi all of the parties were not residents of California. The only argument that could be made was that Asahi's products could find their way into California. Here, none of the parties are residents of California, including the plaintiff's predecessor-in-interest (the original contracting party), and there is no argument that the products could find their way to California.

(iv). On the basis of these facts, the exertion of personal jurisdiction over Asahi by the Superior Court of California was held to exceed the limits of due process.

In this case, the plaintiff is a New Jersey corporation. Though it alleges its headquarters are in Santa Monica, California, it advertises on the Worldwide Web that its corporate headquarters are located at 721 Route 202/206, Bridgewater, NJ 08807,

- 15 –

and it has registered its principal place of business at that same address with the Secretary of State of California. See Composite Exhibit "1" hereto.

> *All of the defendants are located in Hong Kong.
> *All of the transactions alleged occurred in Hong Kong.
> *All of the witnesses are in Hong Kong.
> *All of the performance due under the Contract was to be performed in Hong Kong; and
> *All of the products were to be ultimately sold in mainland China or other parts of Asia and Australia. It is not even reasonable to assert - and no such assertion is alleged - that those products (retail cosmetics) would  "find  their  way"  to California.

The *Asahi* case also said a court must consider the burden on the defendant, the interests of the forum State, the plaintiff's interest in obtaining relief, "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies."

The Supreme Court stated in *Asahi* at 114:

> "Certainly the burden on the defendant in this case is severe. Asahi has been commanded by the Supreme Court of California not only to traverse the distance between Asahi's headquarters in Japan and the Superior Court of California in and for the County of Solano, but also to submit its dispute with Cheng Shin to a foreign nation's judicial system. The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.
>
> When minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant. In the present case, however, the interests of the plaintiff and the forum in California's assertion of jurisdiction over Asahi

DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

are slight. All that remains is a claim for indemnification asserted by Cheng Shin, a Taiwanese corporation, against Asahi. The transaction on which the indemnification claim is based took place in Taiwan; Asahi's components were shipped from Japan to Taiwan. Cheng Shin has not demonstrated that it is more convenient for it to litigate its indemnification claim against Asahi in California, rather than in Taiwan or Japan.

Because the plaintiff is not a California resident, California's legitimate interests in the dispute have considerably diminished."

Plaintiff in this case is a New Jersey corporation that has its official headquarters in New Jersey. Plaintiff is not one of the original contracting parties in this dispute. There is not even an allegation of minimum contacts as in *Asahi*. This case, absent the buried forum selection clause in the TM contract (Exhibit "A" to the Complaint), has even less basis for jurisdiction than *Asahi*. There is no jurisdiction over the individuals or Scene. This case is the very definition of forum non conveniens.

### (b). TM International Limited

TM International Limited presents a thornier issue. There is a forum selection clause buried in the Miscellaneous provision. But see *Tandy Computer* and *Barclays Bank plc,* supra (boilerplate clauses are ignored). California has a presumption that choice of forum clauses are enforceable, and the party opposing the forum bears the initial burden of establishing that the agreement was not negotiated at arms' length. *Smith, Valentino & Smith v. Superior Court* (1976) 17 Cal. 3d 491. However, the same Court that delivered *Smith*, supra, has questioned some forum selection clauses when

DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

confronted with tort issues. See *Stangvik v. Shiley*, (1991) 54 Cal.3d 744. And in this case, the selection of forum is limited by CCP 410.40 (and as to Scene Media and the individual defendants, they never agreed at arms' length to the forum selection clause). Much like *Asahi* and *Stangvik*, supra, the same factors appear here. There is no connection whatsoever with California and there is a possibility that a court in Hong Kong would refuse to recognize the judgment of this Court. China has no reciprocal agreement to recognize judgments from the United States. There is no reason for this Court to burden itself with litigating a completely foreign dispute. *Asahi* and *Stangvik,* supra. The mere existence of the boilerplate forum selection clause, under these circumstances, should not impose unrealistic burdens on the defendants.

### (c) All of the Defendants

The Complaint at issue here seeks damages for less than one million dollars. DE 1 and Exhibit "A" attached thereto. The contract is allegedly made and to be enforced under the laws of the State of California. At the time this matter was filed, California had a strict legislative policy (and still does) of limiting foreign lawsuits to "not less than" one million dollars. In other words, unless the relief sought plausibly exceeds one million dollars, it cannot be sustained. See *Twombley* and *Iqbal*, supra.

The plaintiff alleges that the parties designated California law as the governing law of their contract. CCP 410.40 *limits* actions like this one:

- 18 –

"Any person may maintain an action or proceeding in a court of this state against a foreign corporation or nonresident person where the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which a choice of California law has been made in whole or in part by the parties thereto and which (a) is a contract, agreement, or undertaking, contingent or otherwise, relating to a transaction involving in the aggregate not less than one million dollars ($1,000,000), and (b) contains a provision or provisions under which the foreign corporation or nonresident agrees to submit to the jurisdiction of the courts of this state.

This section applies to contracts, agreements, and undertakings entered into before, on, or after its effective date; it shall be fully retroactive. Contracts, agreements, and undertakings selecting California law entered into before the effective date of this section shall be valid, enforceable, and effective as if this section had been in effect on the date they were entered into; and actions and proceedings commencing in a court of this state before the effective date of this section may be maintained as if this section were in effect on the date they were commenced."

The contract at issue in this case does not have any subject matter that exceeds the aggregate of one million dollars. And though the plaintiff may have a place of business in California, it is not headquartered here. See *Credit Lyonnais Bank Nederland v Manatt, Phelps* (1988) 202 Cal.App.3d 1424, 249 Cal. Rptr. 559. (Applying the 1986 version of the statute).

Plaintiff cannot plausibly make out a prima facie case of jurisdiction in California or this Court based upon the strictures of their own contract.

- 19 –

DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CONCLUSION**

For all of the foregoing reasons, the plaintiff's complaint should be dismissed. There is simply no way that any set of facts could ever be alleged making this matter jurisdictionally proper in the United States and the Central District of California.

DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

Dated: January 10, 2014

Law Offices of Randall L. Leshin
712 E. McNab Rd.
Pompano Beach, FL 33060
(954) 941-9711
(954) 941-9750 – FAX
rleshin@leshinlawfirm.com
richardgelie@yahoo.com


By:___/s/ Randall L. Leshin_____
       Randall L. Leshin, Esq.

By:___/s/ Richard G. Elie_____
       Richard G. Elie, Esq.

- 21 –

# PROOF OF SERVICE

I am employed in the county of Broward, State of Florida. I am over the age of 18 and not a party to the within action; my business address is: 712 E. McNab Rd., Pompano Beach, FL 33060

On January 10, 2014, I served the foregoing document(s) described as: **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** on the interested parties in this action:

Garcia Sullivan and Lopez LLP
695 Town Center Drive, Suite 700,
Costa Mesa, CA 92626
Tel: (714) 382-7001
NORMA GARCIA GUILLEN, Cal. State Bar No. 223512
Email: ngarciaguillen@garciasullivanlopez.com
TABITHA RAINEY SULLIVAN, Cal. State Bar No. 223397
Email: tsullivan@garciasullivanlopez.com
JEFFREY M. BLANK, Cal. State Bar No 217522.
Email: jblank@garciasullivanlopez.com
*Attorney for Plaintiff*

[  ] **BY PERSONAL SERVICE** I arranged for First Legal Attorney Messenger Services to deliver such envelope by hand to the individuals listed above.

[X] **BY ELECTRONIC MAIL** I transmitted the above listed document(s) to the e-mail address set forth above on this date.

[X] **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

By: Richard G. Elie, Esq.          Dated: January 10, 2014.

– 22 –