UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-08443 RGK (SHx) | Date | March 10, 2014 |
|---|---|---|---|
| Title | *HCT Packaging Inc. v. TM International Trading Limited et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re: Defendants' Motion to Dismiss (DE 30)**

## I. INTRODUCTION

On November 14, 2013, HCT Packaging, Inc. ("HCT USA" or "Plaintiff") filed a Complaint against TM International Trading Limited ("TM"), Scene Media Limited ("Scene"), Lucinda Jane McEvoy ("McEvoy"), and Norbert Mibran Topouzoglou ("Topouzoglou") (McEvoy and Topouzoglou collectively, "Individual Defendants") (all defendants collectively, "Defendants"). Plaintiff alleges claims for (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Intentional Misrepresentation; (4) Fraudulent Concealment; and (5) Declaratory Relief.

Presently before the Court is Defendants' Motion to Dismiss for (1) insufficient service of process; (2) lack of personal jurisdiction; (3) improper venue; and (4) failure to state a claim upon which relief can be granted. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss. The Court **GRANTS** Defendants' Motion to Dismiss for lack of personal jurisdiction as to Individual Defendants and Scene. Additionally, the Court **DENIES** Defendants' Motion as to TM, but orders that Plaintiff perfect service on TM.

## II. FACTUAL BACKGROUND

In July 2013, HCT Asia Limited ("HCT Asia"), a Hong Kong company, engaged in discussions to sell the Rebecca Bonbon cosmetics line (the "cosmetics line") to Scene, a Hong Kong company. During these discussions, McEvoy, a Scene director and an HCT Asia consultant, sent a proposal to HCT Asia presenting key terms for the deal. Plaintiff alleges that Scene agreed to pay $294,307.20 in the proposal. Before completing the deal, McEvoy informed HCT Asia that TM, a Hong Kong company, would purchase the cosmetics line instead of Scene.

In September, 2013, McEvoy, acting on behalf of TM, met with a representative of HCT Asia in Hong Kong where they finalized the terms of the deal and signed the Asset Purchase Agreement ("APA"). Under the terms of the APA, the purchase price for the cosmetics line was $244,598, less than the amount Plaintiff contends the parties agreed to in the earlier proposal. TM agreed to pay fifty percent (50%) of the purchase price on the closing date of the agreement, twenty five percent (25%) on October 1, 2013, and twenty five percent (25%) on November 1, 2013. The APA specified that any disputes would "be governed by and construed in accordance with the laws of State of California, USA, and each of the parties submits to the exclusive jurisdiction and venue of courts located in Los Angeles County, California." All exchanges of goods were to occur in Hong Kong, with products to be shipped to mainland China and other markets in Asia and Australia.

HCT USA took over the contract as HCT Asia's successor-in-interest at an unspecified time. The same family owned both HCT USA and HCT Asia.

Plaintiff claims that a clerical error created the discrepancy between the agreed-upon purchase price, $294,307.20, and the price memorialized in the APA, $244,598. Plaintiff also alleges that Defendants knew about the error and failed to inform Plaintiff. Furthermore, Plaintiff alleges that Defendants, recognizing the pricing error, ordered more products at the lower rate in order to take advantage of the mistake. When Plaintiff recognized the error, Plaintiff asked Defendants to adjust the rates to match the original agreed price. Defendants refused.

TM paid the fifty percent (50%) owed on the closing date but has failed to pay the subsequent installments. Meanwhile, Plaintiff delivered the remainder of the products listed on the APA.

## III.   JUDICIAL STANDARD

### A.   Lack of Personal Jurisdiction - Rule 12(b)(2)

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), a party may seek dismissal of an action for lack of personal jurisdiction. Once a defendant seeks dismissal under Rule 12(b)(2), the plaintiff has the burden of demonstrating that personal jurisdiction exists. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Accordingly, a court only "inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995). Although the plaintiff cannot "simply rest on the bare allegations of its complaint," uncontroverted allegations in the complaint must be taken as true. *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1997). In ruling on a 12(b)(2) motion, the court may consider evidence outside the pleadings. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

A district court in California has personal jurisdiction over a non-resident defendant if the defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110-11 (9th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A district court "may exercise either general or specific personal jurisdiction over nonresident defendants." *Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987).

### B.   Improper Venue - Rule 12(b)(3)

Under Rule 12(b)(3) and 28 U.S.C. § 1406(a), a district court must dismiss a case filed in an improper district or, if it is in the interest of justice, transfer the case to a district where venue would be proper. *See also King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992). Plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). In ruling on a motion to dismiss for improper venue, the allegations in the complaint need

not be accepted as true, and the court may consider evidence outside the pleadings. *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

### C. Failure to State a Claim - Rule 12(b)(6)

The federal pleading standard states in relevant part that "a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a party may move to dismiss for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion, the court must assume allegations in the challenged complaint are true, and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, a pleading must contain sufficient factual matter that, if accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

### D. Improper Service of Process - Hague Convention - Rule 12(b)(5)

A party may move to dismiss under Rule 12(b)(5) on the grounds that it was not properly served. Service is proper if it complies with the requirements of Rule 4. A plaintiff bears the burden of demonstrating that service is proper. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). However, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). When determining whether service has been properly executed, a court may consider evidence outside the pleadings. *See S.E.C. v. Internet Solutions for Bus., Inc.*, 509 F.3d 1161 (9th Cir. 2007).

## IV. DISCUSSION

Defendants argue that Plaintiff's claims should be dismissed for improper service of process, lack of personal jurisdiction, improper venue, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. The Court dismisses all claims against Individual Defendants and Scene for lack of personal jurisdiction and maintains all claims against TM, pending proper service on TM.

### A. Personal Jurisdiction

Plaintiff argues that the Court has personal jurisdiction over Defendants because TM submitted to California jurisdiction in the APA, and the other Defendants are the alter egos of TM. Alternatively, Plaintiff argues that the Court has specific personal jurisdiction over Defendants due to their contacts with California. The Court agrees as to TM but disagrees as to Individual Defendants and Scene.

#### 1. *TM*

TM submitted to this Court's jurisdiction by signing the APA. "[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court . . . ." *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-16 (1964). Section 11.1 of the APA states: "This Agreement shall be governed by and construed in accordance with the laws of State of California, USA, and each of the parties submits to the exclusive jurisdiction and venue of courts located in Los Angeles County, California." (D.E. 1, Ex. A.) A director of TM signed the APA on TM's behalf and initialed the page

containing Section 11.1. (D.E. 1, Ex. A.) Therefore, TM has consented to personal jurisdiction in California.

Defendants argue that a provision of the California Code of Civil Procedure precludes enforcement of a forum selection clause between non-residents when the amount-in-controversy is not over $1,000,000. This Section states,

> Any person may maintain an action or proceeding in a court of this state against a foreign corporation or nonresident person where the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which a choice of California law has been made in whole or in part by the parties thereto and which (a) is a contract, agreement, or undertaking, contingent or otherwise, relating to a transaction involving in the aggregate not less than one million dollars ($1,000,000), and (b) contains a provision or provisions under which the foreign corporation or nonresident agrees to submit to the jurisdiction of the courts of this state.

Cal. Civ. Proc. Code § 410.40. However, this section does not limit California's jurisdiction, much less this court's jurisdiction. *See Credit Lyonnais Bank Nederland, N.V. v. Manatt, Phelps, Rothenberg & Tunney*, 249 Cal. Rptr. 559, 565 (Ct. App. 1988) (explaining that California implemented Section 410.40 to prevent dismissal for forum non conveniens in certain circumstances). Therefore, Section 410.40 does not prevent Plaintiff from bringing this action in this Court.

### 2. *Individual Defendants and Scene*

Individual Defendants and Scene contend that this Court lacks personal jurisdiction over them. The Court agrees.

#### a. *Consent*

Plaintiff argues that Individual Defendants and Scene are the alter egos of TM, and should not be protected by TM's corporate shield. As a result, Plaintiff argues, Individual Defendants and Scene also consented to jurisdiction under Section 11.1 of the APA.

"To apply the alter ego doctrine, the court must determine (1) that there is such unity of interest and ownership that the separate personalities of the corporation and the individuals no longer exist and (2) that failure to disregard the corporation would result in fraud or injustice." *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984). Piercing the corporate veil is a rare exception. *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003).

Plaintiff alleges that Individual Defendants acted fraudulently while representing TM, and, therefore, the Court has jurisdiction over McEvoy as a signatory to the APA. (Opp. at 11.) However, even if Plaintiff had alleged facts consistent with fraud, Plaintiff does not allege any facts that suggest such a unity of interests between TM and Individual Defendants that "the separate personalities of the corporation and the individuals no longer exist." *Flynt Distrib.*, 734 F.2d at 1389. Thus, the Court is not persuaded that piercing the corporate veil as to Individual Defendants is appropriate.

Plaintiff also conclusorily alleges in the Opposition that Scene is the alter ego of TM because of its affiliate and subsidiary status. (Opp. at 11.) Plaintiff further alleges that until "the eleventh hour of negotiations," it thought Scene, not TM, would be the named signatory on the APA. (Opp. at 11.) Plaintiff argues that these allegations, if proven, would lead the court to pierce the corporate veil and consider Scene a signatory to the APA. The Court disagrees. Aside from alleging that the companies are related by common ownership and common employees, Plaintiff does not allege specific facts that

demonstrate fraud or disregard of the corporate form. Even if Plaintiff initially thought that Scene would sign the APA, there is no allegation that the substitution of TM was fraudulent. Therefore, the Court is not persuaded that Scene consented to jurisdiction through TM's signing of the APA.

### b. *General Jurisdiction*

Having found that Individual Defendants and Scene did not consent to jurisdiction, the Court must determine if they had minimum contacts such that jurisdiction is permissible. A Court has general jurisdiction over a non resident defendant when the defendant has continuous, systematic, or substantial contacts with the forum state. *Fed. Deposit Ins. Corp.*, 828 F.2d at 1442. Plaintiff does not allege that Defendants have substantial, continuous, or systematic contacts with California. Therefore, this Court may not exercise general jurisdiction over Defendants.

### c. *Specific Jurisdiction*

A court's exercise of specific jurisdiction over a defendant "must comport with the state long-arm statute, and with the constitutional requirement of due process." *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995) (internal quotations and citation omitted). California's long-arm statute reaches to the limits imposed by the Due Process Clause of the Constitution. Cal. Civ. Proc. Code § 410.10; *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 863 (9th Cir. 2003).

For a court to subject a nonresident defendant to jurisdiction in the forum state, due process requires that the defendant have "certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations and citation omitted). Courts use a three-part test to determine whether the exercise of personal jurisdiction is consistent with due process. *Mattel*, 354 F.3d at 863. A court has specific jurisdiction over a defendant if "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Bancroft & Masters v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The plaintiff bears the burden of proving the first two elements. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If the Plaintiff succeeds, the burden shifts to the defendant to show that the exercise of jurisdiction would be unreasonable. *Id.*

Plaintiff argues that Defendants' forum-related activities include visiting the HCT USA office in Santa Monica and ordering more products from Plaintiff knowing that those orders would be placed through the Santa Monica office. However, Plaintiff's claims do not arise out of those activities. Instead, they arise out of the transaction between HCT Asia and TM, two Hong Kong companies. (Compl. ¶ 1.) The negotiations, signing, and performance of the APA all took place in Hong Kong. While Plaintiff alleges that TM ordered more products from HCT USA knowing they would come from California, the Court is not persuaded that merely ordering products under a disputed contract constitutes sufficient contact with California to support the exercise of jurisdiction over the defendants who did not consent to jurisdiction. Therefore, the claims do not result from Defendants' forum-related activities. For these reasons, the second prong of the specific jurisdiction test is not satisfied and the Court must dismiss all claims against Individual Defendants and Scene.

### d. *Jurisdictional Discovery*

Plaintiff requests a continuance to conduct jurisdictional discovery. The Court denies Plaintiff's request.

Discovery on the issue of personal jurisdiction "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (internal quotation marks and citation omitted).

The Court has determined that all alleged claims arise out of the APA and that HCT Asia was the original party to that contract. These facts are sufficient to dismiss Individual Defendants and Scene for lack of personal jurisdiction, and the Court does not believe that additional discovery is warranted.

### B. Venue

Defendants argue that the Court should dismiss Plaintiff's claims for improper venue and forum non conveniens. The Court disagrees.

"Federal law governs the validity of a forum selection clause." *Argueta*, 87 F.3d at 324. Courts will enforce forum selection clauses

> unless the party challenging enforcement of such a provision can show it is unreasonable under the circumstances. The Supreme Court has construed this exception narrowly. A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power, (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court, or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

*Id.* at 325 (internal quotations omitted).

TM submitted to jurisdiction via the forum selection clause of the APA. Defendants argue that this clause should be ignored because it is in the middle of a section marked "Miscellaneous." However, this contract was written by sophisticated parties, both of whom initialed the page containing the forum selection clause. Thus, TM either knew or should have known about the forum selection clause, and Defendants failed to show any fraud, undue influence, or overweening bargaining power when incorporating the clause. Defendants do not raise any convincing public policy reasons not to enforce the forum selection clause. Therefore, the forum selection clause is enforceable and venue is proper.

Defendants also argue that California Code of Civil Procedure Section 410.40 precludes Plaintiff from bringing this case in California. Because federal law governs the validity of forum selection clauses, this Court is not bound by Section 410.40.

### C. Subject Matter Jurisdiction

Defendants argue that this Court lacks subject matter jurisdiction because Section 410.40 limits its jurisdiction. The Court disagrees. Federal subject matter jurisdiction is determined by federal statute, not state law. 28 U.S.C. § 1332. Since Plaintiff fulfilled the diversity and amount-in-controversy requirements, this Court has subject matter jurisdiction over the claims. *See id.*

### D. Failure to State a Claim

Defendants argue that it is impossible to state a claim upon which relief can be granted because Section 410.40 bars all their claims. As a result, Defendants argue, Plaintiff has no possibility of relief in California. Once again, Section 410.40 does not apply. Therefore, the Court will not dismiss Plaintiff's

claims under Rule 12(b)(6).

### E. Service of Process

Defendants also argue that the Court should dismiss Plaintiff's claims for improper service of process. The Court agrees that Plaintiff improperly served TM but will not dismiss the claim on this basis. Rather the Court will allow Plaintiff to re-serve TM in accordance with the Hague Convention.

Rule 4(h) states that a foreign corporation must be served, if outside the United States, in accordance with Rule 4(f). According to Rule 4(f)(1), a party may be served in a foreign country "by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . . ." It is mandatory to apply the Hague Convention when both countries are signatories to the Convention. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). Hong Kong and the United States are both signatories to the Hague Convention so the rules of the Hague Convention apply. *See Hyundai Merchant Marine Co. Ltd. v. Grand China Shipping (Hong Kong) Co. Ltd.*, 878 F. Supp. 2d 1252, 1261, 1262 n.5 (S.D. Ala. 2012).

It is undisputed that Plaintiff's Hong Kong counsel personally served TM. Article 10(b) of the Hague Convention allows for personal service unless the State of destination objects. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 10(b), Nov. 15, 1965, 20 U.S.T. 361. Hong Kong objected to article 10(b). *Delinger v. Chinadotcom Corp.*, 2 Cal. Rptr. 3d 530, 538 (Ct. App. 2003). Therefore, personal service is insufficient. For this reason, Plaintiff failed to properly serve TM under the Hague Convention.

Because TM received actual notice, however, the Court may construe Rule 4 liberally. Since the Court believes that a second attempt at service will not prejudice TM, the Court will allow Plaintiff three weeks to perfect service in accordance with the Hague Convention.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss. The Court **GRANTS** Defendants' Motion to Dismiss for lack of personal jurisdiction as to Individual Defendants and Scene. Additionally, the Court **DENIES** Defendants' Motion as to TM, but orders that Plaintiff perfect service on TM.

**IT IS SO ORDERED.**

:

**Initials of Preparer**